UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT MITCHELL SAXENA,<br><br>Plaintiff,<br><br>v.<br><br>GINO & CARLOS, INC., et al.,<br><br>Defendants. | Case No. 21-cv-08980-JSW<br><br>**ORDER ON FINAL (SECOND) AMENDED COMPLAINT**<br><br>Re: Dkt. No. 13 |

On January 31, 2022, the Court dismissed Plaintiff's amended complaint and granted him one final leave to amend to plead facts demonstrating that the statute of limitations on his claims could be tolled. On February 22, 2022, Plaintiff filed a final amended complaint ("SAC"), in which he incorporated by reference the allegations supporting his claims from his first amended complaint. Plaintiff includes additional facts that he asserts justify equitably tolling the statute of limitations period.

The Court recited the facts underlying the dispute in the order dated January 31, 2022, and it shall not repeat them here. Plaintiff brings claims against Defendants based on an incident that occurred on May 6, 2017, and each of Plaintiff's claims is governed by a two-year statute of limitations. Cal. Civ. Code § 335.1.

Plaintiff alleges that he was not able to bring these claims earlier because Defendant Patrick McCormick, who also was involved in the incident, "used his position as a CBP officer to coerce" Plaintiff "into believing that he had filed, or attempted to file police reports and there was no need to pursue criminal or civil action." (SAC at 4:1-3, 6:20-7:2.) Plaintiff also alleges that Defendant Lawlor's name was not spelled correctly in the police reports, which prevented him from locating the correct individual to be sued. (*Id.* at 8:9-13.)

1   The Court has evaluated Plaintiff's amendments liberally to determine whether, in
2   combination with the allegations in the first amended complaint, they are frivolous, malicious, or
3   fail to state a claim, and applies the same standards the Court would apply to a motion to dismiss.
4   *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);
5   *Erickson v. Pardus*, 511 U.S. 89, 94 (2007).[1]

6   Equitable tolling is "a judicially created doctrine allowing courts to toll the statute of
7   limitations when justice so requires." *St. Francis Mem. Hosp. v. San Francisco Dep't of Public*
8   *Health*, 9 Cal. 5th 710, 717 (2020). A court will apply the doctrine "occasionally and in special
9   situations" to "soften the harsh impact of technical rules which might otherwise prevent a good
10  faith litigant from having a day in court." *Id.* at 719-20 (quoting *Addison v. State of California*, 21
11  Cal. 3d 313, 316 (1978)). In order to show that equitable tolling would apply in this case, Plaintiff
12  must plead facts to show Defendants had notice of his claims, would not suffer prejudice as a
13  result of the delay in filing suit, and that he acted reasonably and in good faith. *Id.* at 724.

14  Although the Court must accept Plaintiff's allegations as true, it is not required to do so for
15  legal conclusions couched as fact, "if those conclusions cannot reasonably be drawn from the facts
16  alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Plaintiff's
17  allegations regarding Defendant McCormick's alleged coercion are not supported by facts that
18  during the limitations period McCormick engaged in coercive acts. According to documents
19  attached to the Final Amended Complaint, in June 2021, McCormick advised Plaintiff he would
20  not discourage Plaintiff from trying to pursue the matter with the San Francisco Police
21  Department. (Dkt. No. 13-1, Attachments to Final Amended Complaint at ECF p. 23.)
22  Accordingly, the Court concludes Plaintiff has not alleged facts showing his conduct during the
23  limitations period was "objectively reasonable." *St. Francis Mem. Hosp.*, 9 Cal. 5th at 717.

24  Even if Plaintiff was able to satisfy that element of equitable tolling, the Court concludes
25  he has not plead facts that are sufficient to satisfy the remaining elements. Defendants have not

---

[1] Plaintiff's first amended complaint referenced provisions of California's penal code, but those statutes do not provide Plaintiff with a cause of action against the Defendants. *See, e.g., Forsyth v. Humana*, 114 F.3d 1467, 1482 (9th Cir. 1997). Accordingly, the Court makes clear that claims based on those statutes are dismissed with prejudice.

2

yet appeared, and although Plaintiff submits a letter stating they have been contacted, he still fails to allege facts to show the Defendants would have been able to gather or to preserve evidence necessary to defend against the claims. Moreover, none of the attachments to the Final Amended Complaint show that Plaintiff communicated with Defendants within the limitations period about his intent to litigate. *See St. Francis Mem. Hosp.*, 9 Cal. 5th at 726 (court should "focus on whether the party's actions caused the defendant to be 'fully notified within the [statute of limitations] of plaintiffs' claims and their intent to litigate'") (quoting *Addison*, 21 Cal. 3d at 321).

Accordingly, the Court DISMISSES Plaintiff's SAC and denies any further leave to amend. The Court shall enter a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED**.

Dated: March 2, 2022

_____
JEFFREY S. WHITE
United States District Judge